IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

TARRA ANDRY,                           )
                                       )
        Plaintiff,                     )
                                       )        Civil Action No.:
v.                                     )        CV-2014-0056
                                       )
Cavalry SPV I, LLC                     )
                                       )
        Defendant.                     )

---

## COMPLAINT

---

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendants the following:

### INTRODUCTION

1. This case arises out of the Defendant's unlawful actions related to its efforts to coerce payment of an alleged consumer debt from the Plaintiff.

2. Defendant's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter "FDCPA"), and constituted tortious conduct according the laws of the State of Alabama.

### PARTIES

3. Plaintiff is a resident citizen of Mobile County, Alabama and is over nineteen years of age.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a foreign corporate entity engaged in the business of collecting debts in this state, with its principal places of business located at 500 Summit Lake Dr, Ste 400, Valhalla, NY, 10595.

6. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempt to collect debts alleged to be due another.

7. Defendant is a "debt collector" according to 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter.

9. This Court has personal jurisdiction over the Defendants because the Defendants have engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

10. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

11. At all times relevant to this proceeding, the Defendant was acting in an attempt to collect from the Plaintiff a debt allegedly owed to Defendant.

12. In July of 2013, the Defendant filed a lawsuit against the Plaintiff in the District Court of Mobile County, Alabama, Case No. DV-2013-901880.

13. The complaint in that case alleged that Plaintiff owed a sum of $3,187.08 to the Defendant.

14. In fact, Plaintiff did not owe $3,187.08 to the Defendant.

15. Defendant filed the lawsuit with no real factual basis regarding Plaintiff's liability on the alleged debt.

16. Upon information and belief, Defendant regularly purchases entire portfolios of consumer debts that have been "written off" by previous alleged creditors.  Such portfolios contain virtually no information regarding the factual basis for such alleged debts, and the previous creditors provide no warranty as to the validity of the debts in the portfolio, nor any competent evidence that such alleged debts are legitimate.

17. Upon information and belief, Defendant made no investigation into the basic facts it alleged in the state court lawsuit, and filed such suit with no intention to ever conduct any such investigation or gather any competent evidence by which it could substantiate its claims.

18. The issue of Plaintiff's liability to Defendant was tried and that court found that no money was in fact owed by the Plaintiff.

19. No appeal was timely filed.

20. The FDCPA forbids any misrepresentation as to the "character, amount, or legal

status of a debt."  *15 U.S.C. §1692e(2).*

21. Debt collectors are prohibited from using *any* false representation to collect a debt.  *15 U.S.C. §1692e.*

22. Particularly, false threats of legal action are violations of the Fair Debt Collection Practices Act.  *Jeter v. Credit Bureau, Inc., 760 F. 2d 1168 (11th Cir. 1985).*

23. False representations of the imminence of legal action are also illegal.  *Pipiles v. Credit Bureau, Inc., 886 F. 2d 22 (2d Cir. 1989).*

24. Defendant knows that it is not allowed to threaten a lawsuit when it has no intention of doing so.  However, Defendant also understands that the fear of a real lawsuit places immense pressure upon the innocent citizens from whom it seems to collect.  In order to exploit this fear without having to comply with the FDCPA's clear rule against false threats of legal action, the Defendant takes its collection efforts one step further by actually filing a lawsuit against people like the Plaintiff, despite having no evidence that the debt is legitimate, nor any intention of investigating whether the debt is legitimate or presenting any competent evidence that the claims in the state court complaint were true.

25. Defendant did exactly that in this case, and made no reasonable effort to ensure the validity of the alleged debt, even after liability on such debt was clearly denied by the Plaintiff.

26. 15 U.S.C. §1692g(a) provides consumers with a thirty (30) day period after the initial communication from the debt collector to dispute the alleged debt or request verification of the debt.

    §1692g(b) further requires that:

    i.  "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt..."

27. Plaintiff's answer to the lawsuit denying liability for the debt invoked her right under 15 U.S.C. §1692g(b) to see some sort of verification of the alleged debt.

28. No such verification was provided, nor did Defendant appear at the state court trial.

29. The filing of a collection lawsuit without solid evidence of the debt is not, per se, a violation of the FDCPA, so long as the suit is filed in good faith.  *Harvey v. Great Seneca Fin. Corp., 453 F. 3d 324 (6th Cir. 2006).*

30.     The suit filed against the Plaintiff, however, was not in good faith, because Defendant never had any intention of ever obtaining any evidence of its claims, and filed the suit solely for the purpose of coercing payment from the Plaintiff of a debt which she did not owe.

31.     To the extent that the debt alleged against the Plaintiff in the state court lawsuit ever bore any connection to reality, Defendant obtained the alleged debt from some other party with virtually no information regarding the debt itself, no documentation of the amounts claimed, no warranty as to the accuracy of the claims, and no information which could enable Defendant to comply with its duty to provide validation of disputed debts in accordance with 15 U.S.C. §1692g.

32.     Defendant makes a practice of preying upon innocent citizens such as the Plaintiff by filing thousands of baseless lawsuits against people like her every year, relying upon their fear, lack of sophistication and familiarity with the legal system, and ignorance of their rights in order to coerce from them payments for debts which they do not owe.

33.     In filing its collection lawsuit, Defendant represented to the Court and to the Plaintiff that it intended to prove its claims.  In truth, however, Defendant never intended to prove its case.

34.     In filing its lawsuit, Defendant made representations as to the character, amount, and legal status of the alleged debt, and despite the Plaintiff's denial of these representations, maintained its allegations and refused to provide any sort of validation of the debt.

35.     By attempting to coerce payment of sums not owed, Defendant commits an "unfair and unconscionable means to collect" the alleged debt, in violation of 15 U.S.C. §1692f.

36.     The actions of Defendant are deceptive within the meaning of the FDCPA if they would be deceptive to the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc. 760 F. 2d 1168 (11th Cir. 1985).*

37.     The actions of Defendant described above were, in fact, deceptive to the Plaintiff.

38.     The actions of Defendant in this case are representative of its standard pattern and practice of perverting the civil justice system into its own coercive collection tool without performing its basic duties of candor, honesty, and good faith to both the Courts and opposing litigants.

39.     Plaintiff did not owe any debt to Defendant and said so in her answer to the state court.

40.     Despite being notified that Plaintiff denied liability for the debt, Defendant continued its collection attempts.

41.     At least from the moment Plaintiff disputed the debt, if not before, Defendant knew that Plaintiff did not owe the debt.

42.     Nor did the state court complaint provide any sort of information regarding the factual basis of its claims, the age of the debt, the amount or legal basis for any of the claims.

43.     Defendant has violated the FDCPA in the following ways:

(a) By failing to provide the Plaintiff with validation of the debt as required by 15 U.S.C. §1692g.

(b) By making false representations to the state court and the Plaintiff of the following:

    i. The amount, character, and legal status of the debt – particularly by stating that the debt was owed when in fact it was not;

    ii. That Defendant intended to provide some scintilla of evidence to prove its claims, when in fact all it intended was to use the courts to obtain an ill-begotten default judgment against the Plaintiff;

(c) By attempting to collect amounts not expressly authorized by any agreement or permitted by law;

(d) By using an unfair and unconscionable means to collect an alleged debt – namely, the filing of a lawsuit in bad faith when Defendant never had the ability or intention to provide any competent evidence of its claims;

44.     As a direct result of Defendant's violations of the FDCPA, Plaintiff has suffered damage in the following ways:

(a) The expense of time, energy, and resources in defending the state court lawsuit;

(b) Fear, embarrassment, frustration, emotional distress, and needless anxiety;

45.     Defendant's actions described above demonstrate a severe degree of negligence.

46.     State law recognizes a duty to act reasonably in the circumstances

47.     The Defendants breached their duties of reasonable care and as a result, have damaged the Plaintiff as described above.

48.     By filing the state court lawsuit without a scintilla of evidence and without any intention of ever obtaining such evidence, the Defendant attempted a gross perversion of the judicial process in order to obtain an unjust profit.

49.     It was foreseeable that the actions of Defendant would lead to the exact sort of harm suffered by the Plaintiff.  Defendant did in fact foresee that its actions would have damaging consequence for the Plaintiff, yet Defendant chose to pursue its negligent course of action regardless.

50.     The actions of Defendant described above constitute an abuse of process.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendant for the following:

a) Actual damages arising from the Defendant's violations of the Fair Debt Collection Practices Act, negligence, and abuse of process;
b) Statutory damages of One Thousand Dollars ($1000) for each of Defendant's violations of the Fair Debt Collection Practices Act;
c) Costs and reasonable attorneys fees incurred in bringing this action;
d) For such other, further, and general relief as Your Honor deems just and proper;

RESPECTFULLY SUBMITTED this the 10th Day of February, 2014.

/s/ Judson E. Crump_____
Judson E. Crump [CRU021]
Attorney for Plaintiff

Judson E. Crump, P.C.
PO Box 2769
Daphne, Alabama 36526
251.272.9148
judson@judsonecrump.com